[Civil No. 883.   Filed March 30, 1905.]

[80 Pac. 367.]

## TOBE LACEY, Plaintiff and Appellant, v. JAMES V. PARKS et al., Defendants and Appellees.

1. ANIMALS—NEWLY BRANDED CATTLE—SEQUESTRATION—MUST APPEAR IN RECORD OF PROCEEDINGS—LAWS ARIZ. 1903, P. 34, No. 26, SEC. 5, CONSTRUED.—Section 5, *supra,* provides that "Any inspector or civil officer shall have power to, and may, seize and sequester all unmarked or unbranded calves or yearlings, and all animals freshly marked or branded, or any live-stock the ownership of which is questioned, unless such animals are identified by proof." Before a seizure thereunder is warranted, there must be some claim of ownership by a third person, or the officer himself must be able to question the ownership because of facts and circumstances brought to his knowledge from which it might reasonably be inferred that the possessor was not the lawful owner of the stock, and, as the fact that the ownership of the animals is questioned is the statutory warrant for the seizure, it must appear in the record.

2. SAME—SAME—SAME—CITATION—ADDRESS— NOTICE — SUFFICIENCY— LAWS. ARIZ. 1903, P. 34, ACT No. 26, SECS. 5, 7, CONSTRUED.—Under section 5, *supra,* providing for the sequestration of certain animals, and section 7, *supra,* providing that the officer making such seizure must report the fact to a judge of the district court or justice of the peace, who shall cause to be issued a citation addressed "To all whom it may concern," stating the fact of the seizure, a description of the property seized, and appointing a day upon which any one claiming the animals should show cause why the property should not be forfeited to the territory and sold, and further providing that the "citation shall be addressed to the sheriff or any constable of the county in which the property was seized, who shall cause certified copies of the same to be posted in three places in said county for a period of ten days before the day mentioned in said citation," where a citation was not addressed to the sheriff or any constable, and no notices were posted, and only nine days' notice was given, the proceedings were void.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Graham. Fletcher M. Doan, Judge.   Reversed.

IX Ariz.—16

The facts are stated in the opinion.

L. Kearney, for Appellant.

No appearance for Appellee.

SLOAN, J.—The facts shown by the record are these: The appellant is a farmer and a cattle-raiser, residing at Duncan, in Graham County. On August 10, 1903, he had in his pasture a number of calves branded with his recorded brand, to wit, "7 N L" on the left side; on that day the appellee W. E. Spaw, the stock inspector of that district, came to his residence and took from his pasture and drove away thirteen head of said calves. The inspector, in thus seizing the cattle, acted under the authority of section 5, act No. 26 (p. 34), Laws of 1903. This section reads as follows: "Any inspector or civil officer shall have power to, and may seize and sequester all unmarked or unbranded calves or yearlings, and all animals freshly marked or branded, or any live-stock the ownership of which is questioned, unless such animals are identified by proof." Spaw, as such inspector, upon seizing the calves, reported the fact to George Carleton, the justice of the peace of the precinct wherein the seizure was made. Thereupon the said justice of the peace entered an order upon his official docket as follows: "In the justice court of precinct No. 2, county of Graham, territory of Arizona. Territory of Arizona vs. Tobe Lacey, defendant. August 17th, 1903, now comes W. E. Spaw, and, being sworn, deposes and says that he is inspector of district No. 29 for the live-stock sanitary board of Arizona; that he has seized and sequestered the following described cattle, to wit, 13 head of calves branded 7 N L on left side, and that a citation be issued, To all whom it may concern, etc., commanding said defendant to appear before me on the 27th day of August, 1903, at 10 o'clock A. M., in said precinct No. 2, county of Graham, territory of Arizona, and show why the said property should not be forfeited to the territory aforesaid. Citation issued." In accordance with this order, a notice, addressed "To all whom it may concern," and signed by said justice of the peace, was posted in three public places of the county. It further appears that on the twenty-seventh day of August, 1903, the justice of the peace

heard testimony, including that of the appellant, and, after hearing the evidence, gave judgment to the effect that one of the calves seized was the property of the defendant, and that the remaining twelve head should be sold by the inspector to the highest bidder at ten o'clock on the thirty-first day of August, 1903. Under this order of the justice of the peace the inspector posted a notice of said sale in three public places in the county, which contained the information that the inspector would at ten o'clock on Monday, August 31, 1903, sell at auction to the highest bidder "twelve head of calves, branded '7 N L,' " and that said sale would be pursuant to a judgment of condemnation rendered August 27, 1903, by said justice court. The notice was signed by W. E. Spaw, inspector as aforesaid. Upon the day and hour mentioned in the notice the inspector sold the calves described in the notice to the appellee James V. Parks. Thereafter the appellant, Lacey, brought suit in replevin in the district court of Graham County to recover the calves, making the inspector, Spaw, and James V. Parks, the purchaser at the sale, parties defendant. The defendants by their answer justified the possession of the calves by Parks under and by virtue of the aforesaid proceedings. Upon the trial the facts above set forth appeared in evidence. The plaintiff objected to the introduction of the proceedings in the justice court, offered in evidence by the defendants, for two reasons: 1. Because the statute authorizing the seizing and sequestration of animals by the stock inspector is unconstitutional and void; and 2. Because it appears by the record of the proceedings in the justice court and by the notices of sale that the officer had no jurisdiction to make the sale, for the reason that the statute was not complied with in the matter of the citation issued by the justice of the peace. The court overruled the objections, and gave judgment for the defendants. From this judgment, and from the order overruling his motion for a new trial, appellant has brought this appeal.

The question of the constitutionality of the act under which the seizure of the calves was made by the officer, and the possession of the defendants, is sought to be justified, is one of some importance to the stock interests of the territory. We have not been favored by any briefs on behalf of the appellees in this case. Inasmuch as we do not find it

necessary to the decision of the case to pronounce on the constitutionality of the act, we leave the question open to be passed upon when we may be aided in reaching a right conclusion by some brief or argument in its defense.

The act in question authorizes the seizure and sequestration of animals when the ownership of these "is questioned." Assuming, for the purposes of this case, that such a vague, indefinite, and uncertain declaration of the statute is to be enforced, some reasonable construction must be put upon the phrase, "the ownership of which is questioned." It should, at least, be construed as meaning that, before a seizure of animals in the actual possession of another is warranted, some claim of ownership by some third person shall be made, or the officer himself must be able to question the ownership because of facts and circumstances brought to his knowledge from which it might reasonably be inferred that the possessor was not the lawful owner of the stock. Upon any view of the constitutionality of the act, a seizure of cattle in the possession of one claiming ownership cannot be justified by an officer unless the ownership of such animal be questioned in some reasonable way, and, as the fact that the ownership of the animals is questioned is the statutory warrant for the seizure, this should be made to appear in the record of the proceedings; in this case no such fact appears in the record. Then, again, section 7 of the act provides that an officer making such seizure must report the fact to a judge of the district court or justice of the peace, who shall cause to be issued a citation addressed "To all whom it may concern," which must give the fact of the seizure, a description of the property seized, and appoint a day upon which any one claiming the animals should show cause why the property should not be forfeited to the territory and sold. The section further provides that the "citation shall be addressed to the sheriff or any constable of the county in which the property was seized, who shall cause certified copies of the same to be posted in three public places in said county for a period of ten days before the day mentioned in said citation." The section further provides that, upon proof of the posting of said citation, the judge or justice shall proceed to take proof concerning the ownership, and, in case he shall decide that the property should be condemned, he shall order the prop-

erty to be sold by the inspector at public auction to the highest bidder. It is a general rule applicable to all proceedings of this character, which provide for the summary disposition of property, that the statutes must be strictly followed, and a material departure from the procedure authorized will render the subsequent proceedings void. In this case the citation does not seem to have been addressed to the sheriff of the county or the constable of the precinct in which the property was seized. Nor does it appear that the notices were posted by the sheriff or by the constable. Then, again, only a nine-day notice was given in the citation, the hearing having been held on the ninth day after the issuance of the citation. There were therefore material departures from the provisions of the statute in the matter of the issuance of the citation, posting of same, and the time of the hearing under the citation. It follows, therefore, that the sale of the calves by the inspector to the appellee Parks was without jurisdiction, and the objections to the introduction of the notice and order of sale should have been sustained.

The judgment will be reversed, and remanded with instructions to the district court to enter judgment for the plaintiff.

KENT, C. J., and DAVIS, J., concur.